UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

VALLIE CONELY                       CIVIL ACTION NO. 22-cv-6169

VERSUS                              JUDGE TERRY A. DOUGHTY

MARIO BLAKE ET AL                MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

Vallie Conely ("Plaintiff") filed this civil action against The ARC Caddo-Bossier plus six coworkers or supervisors. Her complaint invokes the Equal Pay Act, the ADEA, Title VII, the ADA, and similar employment laws. Plaintiff filed a motion to serve, which the court granted. An order (Doc. 7) issued that directed Plaintiff to submit certain service papers for each defendant she wished to serve. The court offered guidance on how to serve the corporate defendant and pointed out possible flaws in the claims against the individual defendants.

The order granted Plaintiff until April 7, 2023 to deliver her service papers to the marshal. That deadline passed more than three weeks ago, but the marshal and clerk of court report that Plaintiff has not submitted any service papers. Dismissal is appropriate for lack of timely service and for failure to comply with a court order.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Plaintiff filed this action on December 9,

2022, so the 90-day period expired in March 2023. The court granted an implied extension of the deadline when it allowed Plaintiff until April 7, 2023 to submit her service papers, but her failure to act within that time runs afoul of Rule 4(m).

Dismissal is also warranted because Plaintiff did not comply with the requirements of a court order. "A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or without notice to the parties." Rogers v. Kroger Company, 669 F.2d 317, 319-20 (5th Cir.1982). Dismissal without prejudice of all claims is warranted under these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice for failure to make timely service and for failure to comply with the requirements of a court order.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 1st day of May, 2023.

Mark L. Hornsby
U.S. Magistrate Judge